## Bellew v. Bellew.

February 18, 1947.

J. S. Forester, Judge.

A. Joe Asher and E. L. Morgan for appellant.

George R. Pope and John B. Carter for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE REES—Affirming.

Lester Bellew and Delia Bellew were married in April, 1927, and lived together as husband and wife until February 2, 1946. On the day of the separation Lester Bellew brought this action for divorce on the ground of cruel and inhuman treatment. Mrs. Bellew filed an answer in which she traversed the averments of the petition and a counterclaim in which she sought a divorce on the grounds of cruel and inhuman treatment and adultery. She asked for alimony in the sum of $5,000. A large amount of proof was heard, and, on submission of the case, the court granted the defendant a divorce upon her counterclaim, adjudged that she is the owner of a one-half interest in the real estate described in her counterclaim, that she be given possession of the residence for her home until further orders of the court, and that

she be given all the furniture in the house in lieu of any alimony. The court further adjudged that the plaintiff pay to the defendant's attorneys the sum of $100. The plaintiff has appealed from so much of the judgment as allows the defendant's attorneys the sum of $100 and permits the defendant to occupy the residence. The defendant has cross-appealed on the ground that the allowance of alimony is inadequate.

The question as to the attorneys' fees cannot be considered since the allowance was made directly to the attorneys, and they have not been made parties to this appeal. Sallee v. Sallee, 213 Ky. 125, 280 S. W. 932.

According to appellee's own testimony, appellant choked and beat her on two occasions, and was consistently inconsiderate of her. Appellant admitted that he struck her on one occasion, but claimed it was in self-defense. Appellee utterly failed to sustain the charge of adultery. The sole ground for divorce relied upon in the petition was cruel and inhuman treatment, and practically all of the proof introduced by appellant in support of this ground was directed to alleged instances of improper conduct by appellee with other men, particularly one E. B. Lane. Three or four witnesses testified that they had seen Lane, a close neighbor, go to the Bellew home in the absence of appellant and had seen him embrace and kiss appellee. Appellee categorically denied every statement of these witnesses, and she was supported by other witnesses. The evidence as to the value of the property owned by the parties is meager. They own a house and five lots in Middleton Addition in Harlan County, which were conveyed to them jointly and which appellant testified are worth about $1,000. Appellant is in the trucking business, and owns two or three trucks which he valued at $700 or $800. There is no proof as to his earnings. The evidence on the question of fault of the respective parties is in hopeless conflict. It would serve no useful purpose to recite it in detail, but it may be said in passing that circumstances disclosed by the record create a strong suspicion of the credibility of many witnesses on both sides. It is peculiarly a case for the consideration of the chancellor, who is on the ground and far better qualified to pass on the credibility of the witnesses and to weigh the evidence than are members of this court. After reviewing the en-

tire record, we are unable to say the chancellor erred in any respect.

The judgment is affirmed on both the appeal and the cross-appeal.